Filed 6/27/16  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TUAN ANH NGUYEN,<br><br>    Defendant and Appellant. | G052002<br><br>(Super. Ct. No. 15WF0439)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John R. Zitny, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Tuan Anh Nguyen took a four-inch bottle of wine worth less than two dollars from a drug store without paying for it. Nguyen was about ten feet out of the store when the store's loss protection manager approached him about the theft. Nguyen took the bottle out of his pocket, unscrewed the cap and started drinking. When the loss protection manager told him he was going to phone the police, Nguyen said if he did, he would "come back and get" him. As the manager continued to phone the police, Nguyen used the bottle to make a striking motion toward him. Nguyen was arrested, and subsequently charged with one count of robbery. His defense was that he was too drunk and too small physically in relation to the manager to have put the manager in any sort of fear of harm. The jury did not convict him of robbery, but did convict him of the lesser included offense of attempted robbery. He was sentenced to three years of formal probation plus 180 days in jail, most of which (172 days) was consumed by time already served. He was also required to pay $70 in fees and a $300 restitution fine.

On appeal, Nguyen does not challenge the substantiality of the evidence to convict him of attempted robbery. That evidence was overwhelming given the testimony of the loss protection manager who apprehended him. Rather, Nguyen points to a glitch in the proceedings as regards the notebooks that were given out to the jurors prior to the beginning of trial. Those notebooks were (inadvertently) not made available to them on the morning of oral argument. The judge rejected the defense's mistrial motion, ruling the testimony that morning had been short, and in any event jurors could always ask for a read back of the oral argument.[1]

The Attorney General concedes it was error for the jurors not to have their notebooks available to them that morning. A California Rule of Court specifically requires jurors to be provided materials with which to take notes: "Jurors must be

_____

[1] The "short testimony" was indeed short. In our record, the direct and cross-examination takes less than two pages of reporter's transcript. The witness was the defense's only one that morning, the arresting police officer, who testified for the defense he found Nguyen sitting on the curb, drunk. The prosecution managed to add, on cross-examination, that Nguyen had in his possession a small bottle of wine, partially full.

permitted to take written notes in all civil and criminal trials.  At the beginning of a trial, a trial judge must inform jurors that they may take written notes during the trial.  The court must provide materials suitable for this purpose." (Cal. Rules of Court, rule 2.1031.)

The issue on appeal is whether the error requires reversal.  Nguyen points to our high court's recent decision in *People v. Blackburn* (2015) 61 Cal.4th 1113 (*Blackburn*), and particularly to its language saying that "certain errors, which operate to deny a defendant an '"orderly legal procedure"' [citation], can entail a 'miscarriage of justice' . . . [citation]" required under our state Constitution to reverse a case for procedural error.  (*Id*. at p. 1133.)  He posits that deprivation of jurors' notebooks, even on just one morning on trial, amounts to an error depriving him of an orderly legal procedure.

We disagree.  The kind of procedural errors about which the *Blackburn* court was speaking are *fundamental structural defects* which implicate clear constitutional rights.  (See *Blackburn, supra*, 61 Cal.4th at p. 1134.)  *Blackburn* involved such a fundamental structural defect – the right to a jury trial in a mentally disordered offender proceeding.  (See *id*. at p. 1135.)  Other kinds of fundamental structural defects include deprivation of the right to counsel at trial, trial by a biased judge, denial of the right to self-representation at trial, and denial of the right to a public trial.  (See *Arizona v. Fulminante* (1991) 499 U.S. 279, 309-310 [cataloging examples of fundamental structural defects].)  A morning's deprivation of a notebook does not rise to the level of a fundamental structural defect.  There is, in fact, a strain of California case law which has regarded note taking by jurors with a certain wariness (see *People v. Marquez* (1992) 1 Cal.4th 553, 578 (*Marquez*) ["defendant contends that the trial court erred in failing to instruct sua sponte on the dangers of note-taking"]; *People v. Whitt* (1984) 36 Cal.3d 724,

746 (*Whitt*).[2])  And a standard jury instruction, CALJIC No. 0.50 (Spring ed. 2016), cautions jurors not to "permit note-taking to distract you from the ongoing proceedings."

In short, however desirable note taking by jurors may be in the abstract, there certainly is no constitutional right to having a jury provided with note-taking materials.  Moreover, the harmlessness of the error in this case is underscored by the fact the only testimony given on the morning in question took but a few brief moments, and the jurors knew they could ask for a read back of any testimony or oral argument they had heard anyway.

The judgment is affirmed.


                                                                    BEDSWORTH, ACTING P. J.
WE CONCUR:



ARONSON, J.



THOMPSON, J.

---

[2]        The *Whitt* court cited the summary given in a New York appellate case, *People v. Di Luca* (1982) 85 A.D.2d 439, which worried that note taking may be a distraction to jurors or take precedence over their own independent recollection.  (*Whitt, supra*, 36 Cal.3d at p. 746.)  To the degree that *Whitt* may have placed too much emphasis on the dangers of note taking, *Marquez, supra*, 1 Cal.4th at page 578, has made it clear that a court is not required to instruct sua sponte on those dangers.